HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAR SAFADI,

                    Plaintiff,

      v.

SNOHOMISH COUNTY, *et al*.,

                  Defendants.

CASE NO. 23-cv-00887 RAJ

**ORDER**

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant Snohomish County's (the "County" or "Defendant")[1] Motion for Summary Judgment and Partial Summary Judgment.  Dkts. # 23, 38.  Defendant moves for dismissal for proper service of process, failure to state a claim, and summary judgment as a matter of law.  Plaintiff Amar Safadi ("Plaintiff" or "Mr. Safadi") responded to these motions by filing numerous responses and declarations.  Dkts. # 26-33, 35.

---

[1] Defendant Snohomish County contends Plaintiff's discovery response confirmed that the County is the "the sole defendant in this action despite summons being requested for other parties." Dkt. # 23; *see also* Dkt. # 24.  Plaintiff does not refute this.  Therefore, the Court considers Snohomish County as the only defendant in this action.

Defendant filed its Motion for Summary Judgment. Dkt. # 23.    Separately, Defendant filed its Motion for Partial Summary Judgment based on statute of limitations grounds.    Dkt. # 38.    Plaintiff filed responses and declarations opposing Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment.    Dkts. # 26-33, 35, 39-40.    However, the Court does not reach the merits of the statute of limitations arguments presented in Defendant's Motion for Partial Summary Judgment.    Dkt. # 38. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment, Dkt. # 23, and **DENIES** as moot Defendant's Motion for Partial Summary Judgment on Statute of Limitations Grounds.    Dkt. # 38.

## II.    BACKGROUND

Plaintiff, Mr. Safadi, began this action on June 13, 2023, when he filed the initial complaint with this Court.    Dkt. # 6.    On July 15, 2023, Mr. Safadi filed an Amended Complaint (the "Complaint") which is the operative complaint in this matter.    Dkt. # 15.

Mr. Safadi, proceeding *pro se*, alleges Snohomish County, the Snohomish County Prosecutor's Office, and the Snohomish County Sheriff's Office retaliated against him for the 2018 *qui tam* lawsuit (the "lawsuit") he filed against the county and its officials alleging RICO violations.    Dkt. # 15.    This Court dismissed the lawsuit, *Safadi v. Roe et al.*, 18-cv-01305, (W.D. Wash. Nov. 6, 2019), *sua sponte*.    Mr. Safadi alleges that since the lawsuit, the County and its officials have retaliated against him by filing criminal complaints against him and arresting him four times.    Mr. Safadi claims the County violated his Fourth, Eighth,

and Fourteenth Amendment rights under 42 U.S.C. § 1983.  Plaintiff's allegations are set forth in greater detail *infra* Sections IV. A, B, and C.

Defendant Snohomish County filed a Motion for Summary Judgment on February 14, 2024.  Dkt. # 23.  Defendant filed a separate Motion for Partial Summary Judgment on statute of limitations grounds, on March 6, 2024.  Dkt. # 38.

Defendant seeks dismissal of Plaintiff's Complaint, asserting Plaintiff did not properly serve Defendant in accordance with the Federal Rules of Civil Procedure and Washington law for serving a state agency, such as Snohomish County.  In response, Mr. Safadi argues that he perfected service by sending the Summons and Complaint to the Snohomish County Executive and the Snohomish County Auditor via certified mail delivered by the United States Postal Service.  Dkt. # 33.

Defendant also seeks dismissal of Plaintiff's claims as a matter of law.  Defendant argues this Court should grant summary judgment because Plaintiff failed to establish *Monell* liability on the part of Snohomish County or that a constitutional violation occurred. Dkt. # 23.  Defendant asserts the officers arrested Mr. Safadi pursuant to valid Failure to Appear Bench Warrants.

Defendant moved for partial summary judgment based on statute of limitations grounds for alleged claims that occurred outside of the three-year limitations period for his personal injury and §1983 claims.  Dkt. # 38.  Because the Court agrees with Defendant that summary judgment as a matter of law should be granted in Defendant's favor, it will not analyze the limitations issues Defendant raised in Dkt. # 38.

### III.    LEGAL STANDARDS

**A.    Federal Rule of Civil Procedure 12(b)(5)**

Defendant seeks dismissal of Plaintiff's claims for failure to properly serve Defendant in accordance with the Federal Rules of Civil Procedure and Washington State law. Dkt. # 23. Plaintiff argues he properly served the County. Dkt. # 33.

A court cannot exercise jurisdiction over a defendant without proper service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5).

Federal Rule of Civil Procedure 4(j)(2) provides that a plaintiff suing a state or local government commences the action by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Washington law mandates that a plaintiff suing a county must serve the County Auditor with the summons. *See* RCW 4.28.080(1). A court may dismiss claims for failure to comply with Washington law service requirements. *See Durbin v. Washington*, No. 2:22-cv-0200-JHC, 2022 WL 7636212, at *1 (W.D. Wash. Oct. 13, 2022)

(dismissing claims where plaintiff failed to comply with RCW 4.28.080(1)), *aff'd*, 2023 WL 4486744 (9th Cir. July 12, 2023).

Here, proper service was not accomplished.  Dkt. # 33.  As discussed more below *infra* Section IV. B, the parties do not dispute that Plaintiff only served the County via certified mail.  Dkts. # 23, 33.

**B.      Federal Rule of Civil Procedure 12(b)(6) and Summary Judgment**

Defendant seeks dismissal of Plaintiff's claims as a matter of law, arguing Plaintiff failed to establish *Monell* liability on the part of the County or that a constitutional violation occurred.  *See* Dkt. # 23.  Plaintiff opposes this motion.  *See* Dkts. # 26-33, 35.

On a motion under Rule 12(b)(6) or 12(c), if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id*.  Snohomish County moves for dismissal under Rule 12(b)(6) and Rule 56, and both parties submitted declarations.  Therefore, the Court will convert the County's motion to dismiss into a motion for summary judgment.

Summary judgment is supported if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving

party meets his or her burden, the non-moving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Cline v. Indus. Maint. Eng'g & Contracting Co*., 200 F.3d 1223, 1229 (9th Cir. 2000). A genuine dispute of material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986).

To establish that a fact cannot be genuinely disputed, the movant may cite the record or show "that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In response to a motion for summary judgment, the non-moving party must present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S*., 7 F.3d 137, 138 (9th. Cir. 1993). Although "all justifiable inferences" must be drawn in the non-movant's favor, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 158-59 (1970)), "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "The Court's ultimate inquiry is to determine whether the 'specific facts' set forth by the non-moving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

However, a court need not "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell Douglas Corp*., 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which

portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv.*, 809 F.2d at 630.

Plaintiff failed to submit evidence to create a genuine dispute of material fact to establish *Monell* liability on the part of the County. Plaintiff's evidence to support *Monell* liability is discussed in greater detail *infra* Section IV.C.

## IV.    DISCUSSION

**A. Factual Allegations**

Mr. Safadi alleges Snohomish County, the Snohomish County Prosecutor's Office, and the Snohomish County Sheriff's Office retaliated against him for filing the lawsuit. The Complaint alleges that shortly after Mr. Safadi initiated the lawsuit, a Snohomish County prosecutor filed a "frivolous and retaliatory criminal complaint" against him for violating a no-contact-order. Dkt. # 15. Mr. Safadi alleges the state court issued bench warrants for his arrest and he has been wrongfully arrested and incarcerated on four occasions: 1) February 2, 2020; 2) June 17, 2020; 3) March 19, 2021; and 4) March 23, 2023. *Id*. at 9. Mr. Safadi claims that the warrants were invalid, and therefore the arrests violated his rights under the Fourth and Fourteenth Amendments. *Id*. at 4. Plaintiff alleges the warrants were invalid because the signing judge did not have her oath of office filed in

accordance with RCW 36.16.060, which requires all county officers to file "his or her oath of office in the office of the county auditor and his or her official bond in the office of the county clerk" before entering office. Mr. Safadi alleges that bail was set at $5000 after two of the arrests, which he argues is excessive under the Eighth Amendment because of his indigent status. *Id*. at 9.

Mr. Safadi further alleges that during the March 19, 2021 arrest, the officers used excessive force while taking him into custody causing him to suffer musculoskeletal injuries and his glasses to break. *Id*. at 5. Mr. Safadi specifically alleges that officers stopped him while he was driving, and Deputy Sheriff Blake Iverson "abruptly came running and smashed [his] driver-side window with a knife, physically assaulted [plaintiff], and threatened his life." *Id*. Upon his release, Mr. Safadi alleges his wallet was returned to him with $150 missing. *Id*. at 6.

In the Complaint, Mr. Safadi alleges that the retaliatory prosecution and officers' actions stem from a pattern, policy, or practice of Snohomish County or the Sheriff's Office. These allegations include: 1) the Sheriff's Office lacks accreditation through the Washington Association of Sheriffs and Police Chiefs "likely due to an official policy, custom, or practice of the Sheriff's Office;" 2) the alleged police misconduct occurred after Mr. Safadi's communication with a county-elected official which plaintiff alleges "is a telltale sign of an official policy, custom, and or practice starting from the top-down to gag uncomfortable voices of dissent;" and 3) "[t]he ongoing repeated and escalating misconduct during the past three years is another proof of such pattern of malpractice in public safety." Dkt. # 15 at 7-8.

**B. Service**

Mr. Safadi began this action June 13, 2023, when he filed the initial complaint with this Court.  Dkt. # 6.  On July 5, 2023, the initial complaint was mailed to the Snohomish County Auditor. Dkt. # 14.   Plaintiff filed an Amended Complaint and Praecipe for Summons on July 24, 2023.  Dkts. # 15-16.  Summons were requested for the Snohomish County Sheriff's Office and the Snohomish County Prosecuting Attorney.  Dkt. # 16.  On July 26, 2023, the Amended Complaint, Summons, and accompanying documents were mailed to the Deputy Prosecuting Attorney, the elected Prosecuting Attorney, and the elected Sheriff.  Dkt. # 19.  Return receipts of the mail are noted on the docket.  Dkts. # 8-10, 20-22.  Plaintiff confirms that he served the Complaint and Summons via certified mail and asserts that his service is sufficient.  Dkt. # 33 at 4.

The parties' filings in this matter demonstrate that Mr. Safadi has not effectuated in-person delivery of the Complaint and Summons on the County.  Therefore, Mr. Safadi has not perfected personal service on Snohomish County as required by the Federal Rules of Civil Procedure and Washington state law.  *See* Fed. R. Civ. P. (j)(2); RCW 4.28.080. Where service is insufficient, courts have discretion to quash service and allow additional time to serve the parties.  *See* Fed. R. Civ. P. 4(m).  The Court declines to exercise this discretion because Plaintiff's claims cannot withstand Defendant's Motion for Summary Judgment, discussed below.

**C. Summary Judgment**

Next, Snohomish County argues that the Complaint fails to state a claim and should be dismissed because Plaintiff cannot prove *Monell* liability.  As mentioned above, the Complaint generally alleges that Snohomish County, the Snohomish County Prosecutor's Office, and the Snohomish County Sheriff's Office have criminally pursued him in retaliation for the lawsuit and Mr. Safadi asserts claims under § 1983 for violations of the Fourteenth, Eighth, and Fourth Amendments.  *Id*.

**a.  *Monell* Liability**

Section 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  *See* 42 U.S.C. § 1983.  To establish municipal, or *Monell* liability, Plaintiff must prove the existence of an unconstitutional government policy, regulation, or custom that caused the alleged deprivation of rights.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *see also Monell v. New York City. Dept. of Soc. Serv*., 485 U.S. 112 (1978).  To impose liability against a county for alleged unconstitutional conduct of its officers and agents, "a plaintiff must show: (1) that a county employee violated the plaintiff's constitutional rights; (2) that the county has customs or policies that amount to deliberate indifference; and (3) that these customs or policies were the moving force behind the employee's violation of constitutional rights."  *Long v. Cnty. of L.A*., 442 F.3d 1178, 1186 (9th Cir. 2006).

Under *Monell*, municipalities can be liable for deprivation of constitutional rights when the deprivation occurs pursuant to "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final

policymaker." *Horton by Horton v. City of Santa Monica*, 915 F.3d 592, 602-03 (9th Cir. 2019) (discussing *Monell*, 436 U.S. at 690-95).  A municipality may not be sued under a theory of *respondeat superior*. *Monell*, 436 U.S. at 693-95.  To prove a *Monell* claim, the plaintiff must (1) identify a custom or policy that is attributable to the municipality and that caused his injury; and (2) demonstrate that the custom or policy was adhered to with "deliberate indifference" to his rights.  *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016).

Plaintiff does not clearly articulate a policy that caused his alleged constitutional violations.  Plaintiff broadly claims that Snohomish County has a practice and informal policy of retaliation, use of excessive force, and improper hiring practices.  *See* Dkt. # 33 at 10-13.  These broad assertions fall short of what is necessary to establish *Monell* liability.

### i.  Official Policy, Pattern or Practice

An official policy includes the decisions of the lawmakers, "the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).  The official policy in question then, may be either "formal or informal." *Praprotnik*, 485 U.S. at 131.

A formal policy is "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality).  An informal policy exists when a plaintiff "can prove the existence of a widespread practice that, although not authorized by an ordinance or an

express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnick*, 485 U.S at 127.  A plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law.  *Id.*  Usually, an informal policy cannot be established by a single constitutional deprivation. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).

Plaintiff provides insufficient evidence to create a genuine issue of material fact that Snohomish County had a pattern, practice, or policy that caused any of his alleged constitutional violations.  Indeed, most of the evidence submitted relies on negative media coverage of Snohomish County and is irrelevant to this case.

### 1. Retaliation

Mr. Safadi submitted exhibits in support of his claim that the County has a pattern or practice of retaliation against "voices of dissent and punish those who dare to question authorities."  Dkt. # 15.  In opposition to summary judgment, Mr. Safadi provided articles discussing employment lawsuits against the County.  *See* Dkt. # 27, Ex. 8-9.  Plaintiff also submitted exhibits relating to a social media post about "retribution" in the Snohomish County Sheriff's Office.  *See Id.*  All the exhibits to support this point relate to workplace issues.  These workplace disputes discussed in the media are unrelated to this case and are insufficient to demonstrate a county-wide pattern, practice, or policy of the type of retaliation Mr. Safadi claims.

## 2. Excessive Force

Mr. Safadi submitted exhibits such as news articles, court filings, and a civilian complaint to demonstrate the County has a pattern or practice of using excessive force on civilians. *See* Dkt. # 27, Ex. 9-10; *see also* Dkt. # 29, Ex. 21. One allegation is an unsubstantiated Snohomish County Sheriff's Office Complaint Intake form from a non-party alleging officers beat him when arresting him during a domestic violence incident. *See* Dkt. # 29, Ex. 21. This uncorroborated allegation of force, without context of how it relates to Mr. Safadi's case, cannot create a material issue of fact that a pattern or practice exists. Plaintiff also submitted exhibits that pertain to a highly publicized fatal police shooting, subsequent litigation, and settlement. *See* Dkt. # 27, Ex. 9-10. Again, Plaintiff failed to explain how this incident pertains to his case. *See Id.* Therefore, these exhibits are insufficient to show the County has a pattern, practice, or policy of using excessive force.

## 3. Improper Hiring

Plaintiff submitted exhibits in support of his assertion that the County has a "long track record of hiring, retaining[,] and rehiring incompetent deputies with [sic] history of excessive use of force[.]" Dkt. # 33 at 12. Plaintiff included various allegations that the County and the Sheriff's Office "missed red flags" in several officers' background checks. *Id.* at 13. In paragraphs 62 through 66 of the opposition brief, Plaintiff relied upon unsubstantiated articles regarding the hiring practices of officers that are not related to the claims in this case. *Id.*

To the extent Plaintiff bases his Fourth Amendment claims against the County for the decision to hire and retain Officer Iverson after "several written reprimands," those claims are insufficient to establish the County or the Sheriff's Office has an improper hiring policy. *Id*.  Plaintiff cited to blemishes in Deputy Iverson's employment record and reprimand history, but he failed to connect these reprimands to his alleged constitutional violations. *See Id*.; *see also* Dkts. # 29, 31.

Mr. Safadi's failure to articulate a pattern of hiring beyond missing "red flags" and his reliance upon unsubstantiated allegations about hiring practices cannot create a dispute of material fact that the County's hiring practices violated his constitutional rights. Plaintiff failed to point to sufficient evidence to defeat summary judgment that the County was deliberately indifferent to his rights; that is that it "disregarded a known or obvious consequence" of the decision to hire or retain Officer Iverson. *Bd. Of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 410-11 (1997).  Moreover, Plaintiff does not show any causal connection between a specific constitutional violation and the decision to hire the officer or allow him to stay on the force. *Flores v. City of Los Angeles*, 758 F.3d 1154, 1157-58 (9th Cir. 2014).

## V.    CONCLUSION

Reviewing the record in the light most favorable to the non-moving party, the Court finds that Plaintiff fails to establish a formal or informal policy that caused the alleged constitutional violations; therefore, Plaintiff cannot establish *Monell* liability.  Because Plaintiff failed to establish a policy under *Monell*, this Court need not reach Defendant's

argument in its Motion for Summary Judgment asserting that no constitutional violation occurred.

For all the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Dkt. # 23. The Court will not address Defendant's Motion for Partial Summary Judgment based on statute of limitations grounds, which is **DENIED** as moot. Dkt. # 38. Plaintiff's claims against Snohomish County are **DISMISSED**.

Dated this 17th day of April, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER - 15